**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

HALINA KUTA,

           Plaintiff,

   v.

STEPHAN ALLEN WYNN,

           Defendant.

Case No. 2:17-cv-02285-RFB-CWH

**REPORT & RECOMMENDATION**

    Presently before the court is pro se Plaintiff Halina Kuta's application to proceed *in forma pauperis* (ECF No. 1), filed on August 28, 2017.

**I.**     ***IN FORMA PAUPERIS* APPLICATION**

    Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's request to proceed *in forma pauperis* will be granted.

**II.**    **SCREENING COMPLAINT**

    Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts

1  in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908
2  (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

3        In considering whether the complaint is sufficient to state a claim, all allegations of
4  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*
5  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).
6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff
7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.
8  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*
9  Further, a Court may dismiss a claim as factually frivolous if its allegations are "clearly baseless,
10 a category encompassing allegations that are fanciful, fantastic, and delusional." D*enton v.*
11 *Hernandez*, 504 U.S. 25, 32–33 (1992) (internal citations and punctuation omitted). Unless it is
12 clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff
13 should be given leave to amend the complaint with notice regarding the complaint's deficiencies.
14 *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

15       Here, Plaintiff's complaint (ECF No. 1-1) alleges two causes of actions against Defendant
16 Stephan Allen Wynn. Plaintiff's first cause of action is for "perjury under oath" and another for
17 intentional infliction of emotional distress. Plaintiff's claims appear to center upon the alleged
18 kidnapping of Kevyn Wynn, on July 23, 1993. Plaintiff's complaint contains a number of
19 disjointed allegations and non sequiturs involving the actions of herself, Defendant Stephen
20 Wynn, the purported kidnapping victim Kevyn Wynn, and an unidentified man with a knife.
21 Plaintiff appears to allege that Defendant staged the alleged kidnapping in an attempt to murder
22 Plaintiff and Kevyn Wynn. Plaintiff further alleges that Kevyn Wynn is actually her daughter,
23 and had intended to visit Plaintiff's home in Texas, and that Defendant knew this, but told police
24 that she had been kidnapped. Plaintiff further alleges that she was threatened with a knife and
25 later hypnotized by a man who was with Kevyn Wynn, but the man ran away when confronted by
26 Plaintiff's two dogs. Plaintiff also alleges that Defendant has failed to fulfill his obligations under
27
28

1  an unspecified agreement, and also failed to properly compensate Plaintiff "for the used material,
2  as a business venture."  Pl.'s Compl., at ¶ 9.
3      Plaintiff's complaint is incoherent, describing a clearly fanciful or delusional scenario.
4  The Court will therefore recommend dismissal of Plaintiff's complaint with prejudice.
5  //
6  //
7  //
8  //
9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED.  Plaintiff will not be required to pay the filing fee in this action.  Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security for fees or costs.  This order granting leave to proceed *in forma pauperis* does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of the Court must file Plaintiff's complaint (ECF No. 1-1).

**RECOMMENDATION**

IT IS HEREBY RECOMMENDED that Plaintiff's complaint be DISMISSED, with prejudice, for failure to state a claim upon which relief can be granted.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED:  March 28, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE